HUNT, TILLINGHAST & CO. *v.* LAFAYETTE REYNOLDS.

9 303
21 513

The defendant, L. R., a manufacturer of woolen goods, consigned them for sale to the plaintiffs, H. T. & Co., commission merchants. In an action by the latter against the former for balance of account, it was *held*, that a contract made between H. T. & Co. and J. T., respecting the sale to him of certain goods consigned them by the defendant was admissible in evidence for the purpose of showing that the charges in the plaintiffs' account against the defendant, relating to the goods which were the subject of that contract, were properly made.

Under the Statute referring cases to Auditors (Statutes, Chapter 660), exceptions to their reports regarding matters of fact are more properly corrected by an appeal to a jury than by a recommitment of the report.

Exceptions from an Auditor's report regarding matters of fact not disclosed by the record, cannot be sustained unless supported by affidavit.

ASSUMPSIT to recover the balance alleged to be due from the defendant to the plaintiffs upon the adjustment of the accounts between them. The case having been referred to Hon. William R. Staples as auditor, he reported that there was due from the defendant to the plaintiffs, on the 17th day of December, 1867, $31,251.50, and the defendant filed exceptions to his report, which now came before the court for hearing.

From the exceptions filed in the case, it appeared that the defendant was, from A. D. 1861, to January, 1866, a manufacturer of woolen cloths, in Burrillvile, R. I., and consigned them for sale to plaintiffs, who were commission merchants in New York city ; plaintiffs, for a commission, guaranteeing payment for goods sold. This relation subsisted between these parties till November, 1865, when defendant stopped consigning to plaintiffs, and paid them about what he thought might be due them. During all this time plaintiffs accepted defendant's drafts drawn against goods so consigned, and no serious differ-ence occurred between the parties till about the time of the withdrawal of the account, and then only in relation to two items.

One of these differences arose about the liability of the plain-tiffs to account to defendant at $1.25 per yard, for 33.039¾

yards sky blue kerseys, belonging to defendant but sold by plaintiffs for that sum per yard, about May 23d, 1865, as plaintiffs claimed subject to inspection and return. Defendant claimed that he ordered these goods sold " as are," that is, with their imperfections; that plaintiffs had no authority to sell them in any other way, and that plaintiffs told him they were so sold, and sketched them as sold for $1.25, and never notified the defendant to the contrary for a long time. On the contrary, plaintiffs denied that any such order was given, and also denied that they ever told defendant the goods were sold so there would be no come back, but claimed that under their general authority they had a right to sell them, subject to inspection and return, and that they did so sell them; and that said goods did not pass inspection, but were returned and subsequently sold by plaintiffs for a much less sum, which last sum only was credited defendant. In order to corroborate the testimony of plaintiffs on this point, plaintiffs took the deposition of James Talcott to prove that they sold him goods about this time, subject to inspection, and that the goods so sold were not accepted, but were returned. Talcott swore that about this time he made a contract with plaintiffs for the purchase of sky-blue kerseys; that it was in writing; that Reynolds was not present; that he did not know what had become of the writing; that he had not looked for it. The auditor admitted and gave weight to this testimony, and on that branch of the case defendant filed exceptions 1, 2 and 3.

The plaintiffs also took and put in the deposition of Seth B. Hunt, who, among other things, swore that a memorandum of the sale above referred to was made on the books of the company, which memorandum he said he saw at the time, or soon after, and which he produced at trial and it was admitted by the auditor without producing the witness who made the same, or showing it was done in the regular course of business. Defendant, on this branch of the case, filed exceptions 4 and 5.

The second difference between the parties arose upon the question whether the defendant was liable to account with and repay to the plaintiffs the sum of $5,567.80, and interest thereon amounting to $922.61, for money voluntarily paid by plaintiffs

to one John F. Martin, as alleged damages for the non-performance by defendant of a contract made November, 1864, by plaintiffs as agents for defendant, with said Martin, for the sale and delivery on or before April 1st, 1865, by defendant to said Martin, of 150,000 yards blue kerseys, equal to a sample at $1.40 per yard, and which defendant failed to perform in full. Martin claimed damages for the non-performance of the contract, and plaintiffs, by virtue of their general authority as commission merchants for the sale of defendant's goods, of their own motion settled the claim, and, as they allege, paid the above sum, but did not charge the same to defendant till July, 1867, when they charged the same and interest.

Plaintiffs wrote defendant advising him of Martin's claim for · damages, and that they had bought some goods to supply in part the place of the goods contracted for, and that they should look to him to make good the loss, but did not charge him with any loss on the goods so bought. Defendant made no reply.

Defendant denied the authority of plaintiffs thus to bind him, or his liability in law to account for or repay to them the sum so paid, but the auditor allowed the same with interest. This forms the ground of exception 6th.

*Browne and Van Slyck for the defendant:—*

As to the first three exceptions—

I. Oral evidence cannot be substituted for any writing material either to the issue or to the credit of the witnesses, if the destruction or loss of the writing is not first admitted or proved. Greenleaf on Ev., vol. 1, p. 105, § 88 ; *Mattren* v. *Goddard,* 7 Conn. 304 ; *Bullock* v. *Koon,* 9 Cowen, 32 ; *Sebree* v. *Dorr,* 9 Wheat. 563.

II. The testimony was incompetent and irrelevant to the point in dispute, and ought not to have been received. The question was whether defendant ordered said goods sold "as are," and consequently whether plaintiffs had any authority to sell them in any other way, that is in such a way that they would be liable to be returned. Evidence of what they did do in the absence of Reynolds, and without first showing express authority, does not tend to prove such authority.

As to the fourth exception—

III. If the person who made the entry is to be found, it is necessary. to produce him. 1 Greenleaf's Ev. p. 139, § 135; *G. Cardou* v. *Aiken*, 1 Crompton & Mees, 423, 424; same case, 3 Tyrw, 302, 303; *Short* v. *Lee*, 2 Jack. & Walk. 489.

· As to the fifth exception—

IV. The rule requires that the best evidence of a fact in the power of a party to produce, should be produced, or its loss accounted for. The best evidence was the writing, which plaintiffs proved had been made and assented to by the parties. It was not produced, nor· its non production accounted for. 1 Greenleaf's Evidence, § 82.

V. Said entry was irrelevant, and did not tend to prove the issue, viz., plaintiffs' authority.

As to the sixth exception—

VI. Plaintiffs had no authority to settle claims against defendant for alleged damages for non-performance of contracts. . Their authority was simply to sell the goods and receive back such as were not equal to sample.

*Payne for the plaintiff:*—

All the exceptions should be overruled. 1. Because they are not accompanied with an affidavit of the truth of the exceptions in matters of fact. 2. Because the evidence in the case was not reported by the auditor, nor did either party request him to report the same, and the truth of the matters of fact alleged as ground of exceptions does not appear. 3. Because the alleged matters of fact are not true. 4. Because, if true, they would be immaterial. 5. Because the questions of law raised by said exceptions are not based upon the facts in the case, and if they were, should be decided in favor of the plaintiffs.

DURFEE, J. The first three exceptions relate to the admission of testimony in regard to the contract between the plaintiffs and Talcott, the grounds of exception being, first, that the contract was *res inter alios*, and therefore not provable to affect the defendant ; and, second, that the contract was in writing, and therefore, if provable at all, should have been proved by the writing itself. 1. We think the contract was provable, not

as evidence of an authority to make such a contract, but, the authority of the plaintiffs being otherwise shown, for the purpose of showing that the charges, contained in their account against the defendant, relating to the goods which had been the subject of that contract, were properly made. 2. We are not satisfied that the contract between the plaintiffs and Talcott was a contract in writing. It appears that Talcott made a memorandum of the terms of the contract, and read it over to Tillinghast, one of the plaintiffs, who assented to its correctness. Talcott thinks he affixed his initials, but is not certain. He retained it in his possession. Apparently, the contract had been completed between the parties already, when the writing was made by Talcott, he making the same solely for his own convenience. If he had not affixed his initials, it would have had value only as a memorandum, which might have been used to refresh the memory of witnesses, but which, if the witnesses could testify independently of it, it would not have been necessary to produce, though its absence would be matter of observation. We are unable to see how, by reason of the signature, it acquired the higher value which is claimed for it, the maker having retained it, so far as appears, for his individual use. If the parties had intended to unite in committing their contract to writing, it is strange that they did not also unite in signing it, or at least, if it was to be signed by only one of them, that it was not delivered to the other. And see *Deshon* v. *Merchants Insurance Co.* 11 Met. 199 ; *Trewhitt* v. *Lambert*, 10 Ad. & El. 470 ; 37 E. C. L. R. 147. Upon the whole, we are of the opinion that, notwithstanding the writing, the oral testimony was not admissible, and, there being nothing to show that when admitted it was improperly used, the exceptions cannot be sustained.

The fourth and fifth exceptions relate to an entry on a book of the plaintiffs, which the auditor is alleged to have admitted in evidence, though not verified by the clerk who made the same. The book containing the entry has been taken away and no sufficient evidence is left to show what the entry was. If the admission of the entry was erroneous, the error may have

been too trivial to call for a re-commitment of the report. We therefore overrule these exceptions.

The error, if any, covered by the other exceptions, regards a question of fact, and, not being manifest on the face of the report, will, we think, be more properly corrected by an appeal to the jury, than by a re-commitment of the report.

Moreover, the exceptions are not supported by affidavit, and for that reason, inasmuch as they rest, in part, at least, on facts which are not disclosed by the record, they cannot be sustained.

*Exceptions overruled.*